ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

MAR 0 4 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID-MANUEL SANTOS DA SILVA A/K/A "JAKE" A/K/A "LUSITANO" | Criminal Indictment<br><br>No. 1:15-CR-072 |

THE GRAND JURY CHARGES THAT:

**MONEY LAUNDERING CONSPIRACY**
(18 U.S.C. § 1956(h))

1. Between in or about May 2009 through in or about October 2011, in the Northern District of Georgia and elsewhere, the defendant, DAVID-MANUEL SANTOS DA SILVA, a/k/a "Jake," a/k/a "Lusitano," did knowingly combine, conspire, and agree with other persons known and unknown, including Viet Quoc Nguyen and Giang Hoang Vu, to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and computer fraud, in violation of Title 18, United States Code, Section 1030, with the intent to promote the carrying on of a specified unlawful activity, that is, wire fraud and computer fraud, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of

unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## Background

It was material to the conspiracy that:

2. Email Service Providers ("ESPs") are companies that generally offer legitimate email marketing or bulk email services to their clients. Clients hire ESPs to assist with sending bulk emails to customers or potential customers who have opted to receive such emails. The ESP industry commonly refers to the sending of emails in bulk as part of a legitimate marketing service on behalf of clients as an "email campaign."

3. "Spam," by contrast, is a commonly-used term for unsolicited email, and "spamming" is a commonly-used term for the sending of unsolicited emails in bulk. ESPs generally take affirmative steps to ensure that their email campaigns are not blocked or classified as "spam" by the recipients' email programs.

4. "Affiliate marketing" is a type of business in which persons or companies, known as "affiliates," enter into formal or informal marketing agreements with companies to generate sales of the companies' products. In the internet context, affiliates earn commissions on sales to customers who purchase the companies' products from websites associated with the affiliate.

5. DAVID-MANUEL SANTOS DA SILVA was the co-owner, President and a Director of 21 Celsius Inc., a Canadian corporation with its registered office in

Montreal, Canada. DA SILVA, through 21 Celsius Inc., operated an internet-based affiliate marketing website located at Marketbay.com.

### Manner and Means of the Conspiracy

6. Viet Quoc Nguyen is a computer hacker who, during the relevant time period, resided in or around Deventer, Netherlands and Hanoi, Vietnam. Nguyen hacked into the computer systems of ESPs, including ESPs located in the Northern District of Georgia, and stole confidential information, including proprietary marketing data from the ESPs containing over one billion email addresses.

7. Nguyen entered into an arrangement with DA SILVA to operate as an affiliate on Marketbay.com. DA SILVA used certain aliases in connection with his business communications relating to Marketbay.com, including "Jake" and "Lusitano". As an affiliate, Nguyen received a commission on sales generated from internet traffic that he directed to websites promoting specific products. Nguyen used his unauthorized access into ESPs, including ESPs in the Northern District of Georgia, to direct "spam" attacks to tens of millions of stolen email addresses. Giang Hoang Vu, who, during the relevant time period, resided in Deventer, Netherlands, also became an affiliate marketer with Markebay.com and assisted Nguyen with directing "spam" attacks that promoted affiliate marketing activities through Marketbay.com.

8. The unsolicited emails received through Nguyen's and Vu's spam attacks enticed the recipients by promoting specific products and providing hyperlinks

for the recipients to purchase the products. The hyperlinks directed the recipients to one of Nguyen's affiliate marketing websites associated with Marketbay.com. At least some of the products promoted on Nguyen's affiliate marketing websites with Marketbay.com were fraudulent and illegitimate. For example, in one "spam" attack directed by Nguyen, the unsolicited emails promoted a product called "The New Adobe Acrobat Reader." If the recipient clicked on the hyperlink contained on the unsolicited email, the recipient was directed to a website that promoted the purchase of "Adobe Reader 10" for approximately $65. In fact, the product being sold on Nguyen's affiliate marketing website with Marketbay.com was not an Adobe-branded product and was not authorized for sale by Adobe.

9. DA SILVA knew that Nguyen was spamming to stolen email addresses in order to direct high volumes of internet traffic to his affiliate marketing websites with Marketbay.com. In email correspondence between Nguyen and DA SILVA, Nguyen boasted about his access to millions of email addresses. DA SILVA conspired with Nguyen and others to promote Nguyen's hacking and spamming activities by providing him with a platform, through Marketbay.com, to generate sales commissions from his unauthorized access into the ESPs.

10. DA SILVA also knew that Nguyen, through his affiliate marketing activities with Marketbay.com, was promoting products that appeared to be Adobe-branded, but in fact were not authorized for sale by Adobe. On or about September 28, 2010, DA SILVA received notice that Adobe considered the

4

product being promoted on Nguyen's affiliate marketing website with Markebay.com to constitute the unauthorized use of Adobe's trademark and the unauthorized sale of Adobe products, among other violations. In response, DA SILVA, under his alias "Jake," sent an email to Nguyen on or about September 30, 2010, advising him of the complaint and notifying Nguyen that his affiliate marketing website promoting the "Adobe" product would need to be shut down, but that DA SILVA would cause three new affiliate marketing websites with Marketbay.com to be created for Nguyen so that he could continue to promote the same product without being "blacklisted".

11. During the period of the conspiracy, DA SILVA and Nguyen received approximately $2 million for the sale of products derived from Nguyen's affiliate marketing activities. The money DA SILVA and Nguyen generated from these sales represented the proceeds of Nguyen's unlawful activity, specifically wire fraud and computer fraud, and was designed to promote the carrying on of Nguyen's unlawful activities.

All in violation of Title 18, United States Code, Section 1956(h).

## Forfeiture

12. As a result of committing the offense alleged in this Indictment, the Defendant, DAVID-MANUEL SANTOS DA SILVA, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 982(a)(1) and Title 28, United States Code, Section 2461, all property, real and personal, involved in that offense and all property traceable to such property.

13. If, as a result of any act or omission of DA SILVA, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Sections 982(b)(1); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A __TRUE__ BILL

_____
FOREPERSON

JOHN A. HORN
*Acting United States Attorney*

STEVEN D. GRIMBERG
*Assistant United States Attorney*
Georgia Bar No. 312144

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181